*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* G. T. RILEY, Minor.

UNPUBLISHED
October 5, 2023

No. 364610
Wayne Circuit Court
Family Division
LC No. 2019-000631-NA

Before: REDFORD, P.J., and K. F. KELLY and RICK, JJ.

PER CURIAM.

Respondent[1] appeals as of right the trial court's order terminating her parental rights to her minor child, GTR, pursuant to MCL 712A.19b(3)(i) (parent's rights to one or more siblings of the child previously terminated) and (j) (substantial likelihood child will be harmed if returned to the parent's home). On appeal, respondent argues that the trial court clearly erred in terminating her parental rights because insufficient evidence failed to satisfy the relevant statutory grounds, and because termination did not serve the child's best interests. We affirm.

## I. BACKGROUND

In September 2022, three months after GTR's birth, petitioner filed an original petition requesting that the trial court take jurisdiction over GTR and enter an order removing the child from respondent's care and terminating her parental rights pursuant to MCL 712A.19b(3)(g) (failure to provide custody and care despite financial means to do so), (i), and (j). The petition alleged that respondent had her parental rights to six other children recently terminated in February 2022; she failed to rectify the conditions leading to those prior terminations, including a lack of suitable housing, improper supervision, and a failure to complete and benefit from ordered services; GTR tested positive for marijuana at birth; GTR lacked bedding and his own place to

---

[1] The child's unknown biological father's parental rights to the child were terminated pursuant to MCL 712A.19b(3)(a)(*i*) (child abandoned and parent unidentifiable). Accordingly, respondent-mother is referred to as respondent in this opinion.

sleep in the home of respondent's fictive kin where they lived; and, therefore, GTR was at risk of harm in respondent's care.

Following a preliminary hearing before a referee,[2] the trial court authorized the petition and ordered that GTR be placed under petitioner's care and supervision, with respondent having supervised parenting time. At a combined adjudication trial, termination hearing, and best-interest hearing, the referee found the evidence sufficient to take jurisdiction over GTR and that it satisfied statutory grounds for termination under MCL 712A.19b(3)(i) and (j), and that termination served the child's best interests. Accordingly, the trial court entered (1) an order of adjudication taking jurisdiction over GTR, and (2) an order terminating respondent's parental rights to GTR pursuant to MCL 712A.19b(3)(i) and (j). This appeal followed.

## II. STANDARDS OF REVIEW

To terminate parental rights, a trial court must find by clear and convincing evidence a statutory ground warranting termination. *In re Mota*, 334 Mich App 300, 320; 964 NW2d 881 (2020). The trial court's findings and rulings regarding statutory grounds are reviewed for clear error. *Id*. "A finding . . . is clearly erroneous if the reviewing court has a definite and firm conviction that a mistake has been committed. . . ." *Id*. (quotation marks and citation omitted; ellipses in original). Further, "regard is to be given to the special opportunity of the trial court to judge the credibility of the witnesses who appeared before it." *Id*. (quotation marks and citations omitted). Whether termination of parental rights is in a child's best interests must be established by a preponderance of evidence. *Id*. The trial court's findings and ruling that termination serves the child's best interests are also reviewed for clear error. *Id*.

## III. ANALYSIS

Respondent argues petitioner presented insufficient evidence for the trial court to terminate her parental rights pursuant to MCL 712A.19b(3)(i) and (j). We disagree.

Concerning both statutory grounds, respondent argues that much of the testimony and court commentary related to circumstances from respondent's prior termination case, with the court failing to consider that she had since rectified her parenting issues. Specifically, respondent contends that, at the time of termination, she was an appropriate and loving parent, made progress on housing, and could prove that she was no longer the same parent who had six prior terminations. According to respondent, she significantly changed her life since the prior terminations and was receptive to engaging in reunification services at the time of termination. She argues that the court, therefore, should have given respondent an opportunity to complete a treatment plan before terminating her parental rights.[3]

---

[2] All proceedings below took place before a referee, and the trial court adopted the referee's factual findings, conclusions, and recommended orders throughout this case.

[3] This portion of respondent's argument is more appropriately considered in evaluating whether termination served GTR's best interests.

Under MCL 712A.19b(3), the trial court could terminate respondent's parental rights if clear and convincing evidence established either of the following:

(i) Parental rights to 1 or more siblings of the child have been terminated due to serious and chronic neglect or physical or sexual abuse, and the parent has failed to rectify the conditions that led to the prior termination of parental rights.

(j) There is a reasonable likelihood, based on the conduct or capacity of the child's parent, that the child will be harmed if he or she is returned to the home of the parent.

The evidence presented to the trial court in this case adequately supported the trial court's findings regarding both statutory grounds. Here, respondent's parental rights to her other six children were previously terminated, in relevant part, as a result of physical abuse, respondent's failure to provide proper care, supervision, and support, and her failure to complete court-ordered services, including not regularly visiting the children and not securing appropriate housing.

Although the record establishes that respondent regularly visited GTR throughout this case, with no concerns identified during these visits and she worked to remedy her issues with visitation, it is undisputed that she still lacked proper housing of her own at the time of termination, an ongoing and unrectified issue throughout the earlier termination case. Given this continued issue, the trial court correctly determined that clear and convincing evidence established ground to terminate respondent's parental rights to GTR pursuant to subsection (3)(i).

Respondent's continued lack of appropriate housing also supported termination under subsection (3)(j). Specifically, this significant, unremedied parenting deficit created a reasonable likelihood that GTR would be harmed if returned to respondent's care. Evidence supported the trial court's finding given the concerns regarding respondent's drug use. And despite respondent's presumably negative drug test provided at the eleventh hour of the termination proceedings and her testimony that drug use was not a continuing issue, the record shows that GTR tested positive for marijuana at birth in June 2022—four months after the prior terminations and less than six months before the termination in this case—and that respondent refused multiple drug screens offered during relevant times. Under these circumstances, the trial court did not clearly err in finding that clear and convincing evidence established statutory grounds to terminate respondent's parental rights under MCL 712A.19b(3)(i) and (j).

Respondent also argues that terminating her parental rights did not serve GTR's best interests. We disagree.

According to respondent, termination did not serve GTR's best interests because she significantly changed her life for the better since the prior terminations and dedicated herself to improving her parenting skills. She argues that the trial court should have given her an opportunity to complete a treatment plan, which would pose no risk to GTR, before terminating her parental rights.

"Once a statutory ground for termination has been proven, the trial court must find that termination is in the child's best interests before it can terminate parental rights." *In re Olive/Metts*,

297 Mich App 35, 41-42; 823 NW2d 144 (2012). "The trial court should weigh all the evidence available to determine [a] child[]'s best interests." *In re White*, 303 Mich App 701, 713; 846 NW2d 61 (2014). The court's focus must be on the child, not the parent. *In re Moss*, 301 Mich App 76, 87; 836 NW2d 182 (2013).

In evaluating whether a child's best interests support termination, "the court may consider the child's bond to the parent, the parent's parenting ability, the child's need for permanency, stability, and finality, and the advantages of a foster home over the parent's home." *Olive/Metts*, 297 Mich App at 41-42 (citations omitted). "The trial court may also consider a parent's history of domestic violence, the parent's compliance with his or her case service plan, the parent's visitation history with the child, the children's well-being while in care, and the possibility of adoption." *White*, 303 Mich App at 714. When making its best-interest determination, the trial court may rely upon evidence in the entire record, including the evidence establishing the statutory grounds for termination. *In re Trejo*, 462 Mich 341, 353-354; 612 NW2d 407 (2000), superseded by statute on other grounds as recognized in *Moss*, 301 Mich App at 83. "If the court finds that there are grounds for termination of parental rights and that termination of parental rights is in the child's best interests, the court shall order termination of parental rights and order that additional efforts for reunification of the child with the parent not be made." MCL 712A.19b(5).

A preponderance of the evidence in the record supports the trial court's decision that termination served GTR's best interests. Although respondent endeavored to make some improvements in her parenting, particularly concerning visitation, and she acted appropriately with the child during visits and had an established bonded with him, respondent still had not remedied her inadequate housing over three years after being ordered to do so in the earlier termination case. During this case, respondent continued to place much blame for the prior terminations on external factors like COVID-19 and the conduct of workers on the case. She failed to fully acknowledge her responsibilities and role in the terminations, and even disputed various determinations from the previous case. Concerns also exist from GTR's positive marijuana screen at birth and associated risks regarding respondent's parenting ability.

Ultimately, we defer to the referee's credibility determination that respondent, contrary to her testimony and argument, had not substantially changed her life since the prior terminations. Given GTR's need for permanence and stability, the significant issues that led to respondent's prior terminations, and the only minimal changes to her life and parenting since the earlier terminations, the trial court did not clearly err in finding that termination served GTR's best interests.

Affirmed.

/s/ James Robert Redford
/s/ Kirsten Frank Kelly